IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUMMIT METALS, INC., | ) | Case No. 98-2870 (DDS) |
| | ) | |
| Debtor. | ) | Re: Docket No. 473 |
| | ) | |

**ORDER DENYING MOTION OF NL FRANK AKERS, L.P. TO RECONSIDER ORDER GRANTING CHAPTER 11 TRUSTEE'S APPLICATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 IN SUPPORT OF SETTLEMENT AGREEMENT WITH THE INTERNAL REVENUE SERVICE**

NL Frank Akers, L.P. ("NLFA") moved this Court by motion dated May 27, 2005 to reconsider its May 17, 2005 Order [Docket No. 463] (the "Settlement Order") granting the Chapter 11 Trustee's Application Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Approval of Settlement Agreement [Docket No. 406] (the "Settlement Motion").[1] NLFA argues that the relief requested is warranted because it received no notice of the Settlement Motion,[2] as NLFA is not a creditor of Summit Metals, Inc. ("Summit"), but is instead a potential unsecured creditor of Jenkins Manufacturing Company ("Jenkins"), a non-debtor operating subsidiary of Summit, and that its rights are affected by the Settlement between the Chapter 11 Trustee, the Internal Revenue Service ("IRS"), the Official Committee of Unsecured Creditors (the "Committee") and Jenkins's minority shareholders, JEPSCO Ltd., Thomas Aylward and James Kelly. Specifically, NLFA asserts that the Settlement could enable Summit to obtain assets of Jenkins ahead of Jenkins's creditors, thereby violating the absolute priority rule of distribution of

---

[1] A copy of the Settlement Agreement is attached as an exhibit to the Settlement Order (Docket No. 463).

[2] The Settlement Motion was served upon the Rule 2002 list of interested parties in accordance with the Delaware Local Rules.

assets to creditors before shareholders.

> A motion for reconsideration is **(a)** by definition is an "extraordinary means of relief in which the movant must do more than simply reargue the facts or law of the case." *In re Planet Hollywood Intern.*, 274 B.R. 391, 399 (Bankr. D. Del. 2001) (citation omitted); **(b)** may only be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); **(c)** judgment may be altered or amended only if the movant demonstrates: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.*; and **(d)** may not be used as an opportunity for a party "to engage in an endless debate over previously litigated arguments." *In re Garcia*, 2000 WL 654374, at *1 (D. Del. April 5, 2000) (citation omitted).

*In re KI-1, Inc.*, 2005 WL 1115888, at *1 (Bankr. D. Del. May 09, 2005). In the present case, NLFA asserts that its Motion for Reconsideration should be granted because it was deprived of due process of law because it did not receive notice of the Settlement Motion, which, if true, would amount to manifest injustice requiring correction by the Court.

Due process requires an affected party to be given notice and the opportunity to be heard. The key question is therefore whether NLFA's rights are affected by the Settlement. As an initial matter, it is important to note that no where does the Settlement Motion, Settlement Agreement or corresponding Settlement Order purport to affect the rights of Jenkins's creditors. In fact, quite the opposite is true. The Settlement resolves a dispute over Summit's tax liability and desire to sell Jenkins as part of the liquidation process.

In 2002, the IRS filed a tax lien against Jenkins in an effort to recover taxes owed by Summit. This lien is a valid, secured debt obligation that must be paid by Jenkins before any payment is made to unsecured creditors. The Settlement simply assigns the right to recovery under this tax lien to Summit, thereby releasing the lien and allowing for the free and clear sale

of Jenkins to a third party. Since Jenkins's potential unsecured creditors would not be entitled to payment before the IRS, it was not necessary for the Chapter 11 Trustee to give notice to these creditors.

Therefore, it is hereby **ORDERED** that NLFA's Motion for Reconsideration [Docket No. 473] is **DENIED**.

Dated: June 15, 2005

*Donal D. Sullivan*

Honorable Donal D. Sullivan
United States Bankruptcy Court